UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-14287-CIV-MARTINEZ/MAYNARD

RYAN JEFFREY HOLMES,

    Plaintiff,

v.

INDIAN RIVER COUNTY
SHERIFF'S OFFICE, *et al.*,

    Defendants.
_____/

## REPORT & RECOMMENDATION

**THIS CAUSE** is before me upon a *sua sponte* review of the record. Plaintiff, proceeding *pro se*, previously sought and was granted leave of Court to file an Amended Complaint. DE 12, DE 14. On October 12, 2023, Plaintiff filed his Amended Complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his civil rights during his arrest on September 13, 2019. DE 18. On February 1, 2024, Defendants filed a Motion to Dismiss. DE 57.

Plaintiff has not timely responded to the pending Motion to Dismiss despite multiple prior extensions of time. On March 20, 2024, in a show cause order, Plaintiff was cautioned that his failure to timely respond may result in a recommendation that this case be dismissed entirely for failure to prosecute. DE 62. Then, on two separate occasions in April 2024, Plaintiff was granted additional extensions of time and was put on notice that his failure to file a response may be deemed sufficient cause for granting the motion by default under local rules. DE 69, DE 76. To date, Plaintiff has not timely filed a response. Being fully advised and for the reasons stated in this report, I thus recommend that the Motion to Dismiss, DE 57, be **GRANTED** by default and

that Plaintiff's Amended Complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute this case in good faith and comply with Court Orders.

## BACKGROUND

According to the Amended Complaint, during Plaintiff's arrest on September 13, 2019, Indian River County Sheriff's Office ("IRCSO") employees used excessive force against Plaintiff and refused to allow him to receive proper medical attention. *Id.* The Amended Complaint contains the following counts: Count I: 42 U.S.C. § 1983 Deprivation of Plaintiff's Civil Rights against Ferre (search and seizure without a warrant or probable cause); Count II: 42 U.S.C. § 1983 Deprivation of Plaintiff's Civil Rights against Mathisen (search and seizure without a warrant or probable cause); Count III: 42 U.S.C. § 1983 Deprivation of Plaintiff's Civil Rights against White (search and seizure without a warrant or probable cause); Count IV: 42 U.S.C. § 1983 Deprivation of Plaintiff's Civil Rights against McKay (false arrest and imprisonment); Count V: 42 U.S.C. § 1983 Deprivation of Plaintiff's Civil Rights against Ferre (defamation); Count VI: 42 U.S.C. § 1983 Deprivation of Plaintiff's Civil Rights against White (defamation); Count VII: 42 U.S.C. § 1983 Deprivation of Plaintiff's Civil Rights against Mathisen (excessive force); Count VIII: 42 U.S.C. § 1983 Deprivation of Plaintiff's Civil Rights against Farinacci (failure to provide medical treatment); Count IX: 42 U.S.C. § 1983 Deprivation of Plaintiff's Civil Rights against Loar (negligent hiring); Count X: Negligence against Mathisen; Count XI: Negligent Hiring, Retention, and Supervision against Loar; Count XII Battery against Mathisen and Loar; Count XIII: Intentional Infliction of Emotional Distress against Ferre; Count XIV: Intentional Infliction of Emotional Distress against White; Count XV: Assault and Battery against Loar; Count XVI: Intentional Infliction of Physical Pain and Suffering against Farinacci; Count XVII: Malicious Prosecution against Ferre; Count XVIII: 42 U.S.C. § 1983 Violation of Civil Rights Claim by use

of Excessive Force against Mathisen (first amendment retaliation); and Count XIX: Intentional Infliction of Emotional Distress against Mathisen.

Defendants timely responded to the Amended Complaint with a Motion to Dismiss seeking dismissal of all Counts on grounds of failure to state a claim, statute of limitations, and qualified immunity. DE 57. This Motion to Dismiss was filed on February 1, 2024. To date, Plaintiff has not filed a response to this Motion to Dismiss despite having thrice missed the response deadline and being granted two prior extensions of time. DE 62 (Order to Show Cause noting missed deadline and requiring a response by April 3, 2024); DE 69 (Order requiring a response by April 17, 2024), DE 76 (Order requiring a response by Wednesday, May 8, 2024).

Rather than respond to the pending Motion to Dismiss, Plaintiff has instead filed several other motions, including two motions for referral to this District's Volunteer Attorney Program,[1] three Motions for Extension of Time to Respond to Defendant's Motion to Dismiss, a Motion to Compel the FBI and FDLE to Investigate and Accept Evidence, and three motions to conventionally file exhibits in support of his Motions for Extension of Time. DE 65, DE 66, DE 67, DE 68, DE 73, DE 74, DE 75, DE 79, DE 80. Plaintiff most recently filed an untimely Third Motion for Extension of Time seeking an additional 30 days to respond to the Motion to Dismiss. DE 79. Defendants oppose this requested extension on grounds that Plaintiff has been granted repeated extensions and did not confer with Defendants. DE 81.

---

[1] I denied Plaintiff's first motion because "Plaintiff has ably demonstrated in his various filings in this case and in another pending case brought by him that he is aware of the facts of this case and the facts—while vigorously contested by the parties—are not novel." DE 72 at 3. The dismissal without prejudice of this case renders Plaintiff's pending Motion for Referral to Volunteer Attorney, DE 73, moot. I recognize that Plaintiff is attempting to secure the assistance of an attorney to assist him in filing the response to the Motion to Dismiss, however, as explained to Plaintiff in my denial of his first Motion, a party in a civil case has no constitutional or statutory right to counsel and I do not find referral to the VAP necessary or appropriate at this stage in the proceedings. DE 72 at 2-3 (citing, among other cases, *Bass v. Perrin*, 170 F. 3d 1312, 1320 (11th Cir. 1999)).

## ANALYSIS

Turning first to the Motion to Dismiss, the merits need not be reached because Plaintiff never responded to it. This Court's Local Rules require "[e]ach party opposing a motion [to] file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion." S.D. Fla. Local Rule 7.1(c)(1). "Failure to do so[,]" the Local Rule explains, "may be deemed sufficient cause for granting the motion by default." *Id.*; *see also Augusme v. Carlton*, 2022 WL 10042943, at *2 (S.D. Fla. Oct. 17, 2022) ("Augusme didn't file a response opposing or otherwise objecting to the Motion to Dismiss—which gives us grounds to grant the Motion by default."). Here, Plaintiff did not timely respond to the Motion to Dismiss within the time allotted by Local Rule or by later Court-ordered deadlines. Thus, the Motion to Dismiss should be granted by default.

The fact that Plaintiff is *pro se* does not excuse his failure to comply with Court Orders and governing rules. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("Still, once a [*pro se*] litigant is in court, he is subject to the relevant law and rules of the court, including the Federal Rules of Civil Procedure."); *see also, e.g., LaQuinta-Wallace v. Forman*, 2023 WL 4888337, at *1 (S.D. Fla. July 31, 2023) (granting a motion to dismiss because the *pro se* plaintiff "failed to file a response in opposition" as required by Local Rule 7.1(c)(1)). The Eleventh Circuit has said that the Local Rules "should not serve as a basis for dismissing a *pro se* civil rights complaint where . . . there is nothing to indicate plaintiff ever was made aware of it prior to dismissal[,]" *Mitchell v. Inman*, 682 F.2d 886, 887 (11th Cir. 1982), but Plaintiff has been advised before that he must respond in writing by clearly specified deadlines. Plaintiff has been on express notice that he had to timely file a response if he opposed the Motion to Dismiss and he has also received sufficient notice of the consequences of not filing a response to the Motion to Dismiss. *See*

*Sampson v. Fulton Cnty. Jail*, 157 F. App'x 242, 244 (11th Cir. 2005) ("Sampson knew about the rule [requiring him to respond to a motion to dismiss], though, prior to the granting of Fulton County Jail's motion to dismiss, but failed to file a response to that motion . . . . We affirm [ ] the dismissal of the complaint against the Jail.").

Turning next to this case generally, Plaintiff's latest failure to comply with a Court-ordered deadline combined with his overall actions in this case lead me to conclude that his Amended Complaint should be dismissed in its entirety for failure to prosecute. A district court may dismiss a case, on its own initiative, if a plaintiff abandons its prosecution of the suit or fails to comply with court orders. *Equity Lifestyle Properties, Inc. v. Fla. Mowing and Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b) and holding that "[t]he court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order"); *see also Lopez v. Devito*, 2022 WL 1214888, at *2 (11th Cir. Apr. 25, 2022) (affirming dismissal of *pro se* civil action with prejudice where plaintiff engaged in clear pattern of delay and refusal to cooperate, including by repeatedly failing to comply with the district court's orders or adhere to the district court's schedule even in the face of express warnings about the risk of dismissal with prejudice). Indeed, the power to dismiss a case is part of a court's inherent authority to manage its docket and ensure the expeditious resolution of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (discussing federal courts' inherent power and stating that a court "may act *sua sponte* to dismiss a suit for failure to prosecute").

"A 'dismissal with prejudice, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.'" *Effs v. City of Miami*, No. 21-11672, 2021 WL 6116643, at *3 (11th Cir. Dec.

27, 2021) (quoting *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005)). With respect to the first prong, a court must find, at a minimum, that a plaintiff's delay in prosecuting a case is willful; mere negligence does not suffice. *Id.* (citing *McKelvey v. AT & T Technologies, Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986); *In re Se. Banking Corp.*, 204 F.3d 1322, 1332 (11th Cir. 2000) (holding that "simple negligence, misunderstanding, or inability to comply" does not constitute "willfulness")). As to the second prong, a district court is required to consider lesser sanctions. *See Barnes v. Fed. Commc'ns Comm'n*, 824 F. App'x 745, 750 (11th Cir. 2020) (affirming dismissal with prejudice on grounds that lesser sanctions, including dismissal without prejudice, would not suffice where plaintiff had previously filed two similar frivolous actions and had disregarded the district court's orders to file a renewed IFP motion and amend the complaint). Courts are afforded greater discretion in dismissing cases where dismissal is without prejudice. *See Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 719 (11th Cir. 2011) (affirming dismissal of complaint without prejudice for failure to prosecute).

Plaintiff commenced this case on September 14, 2023. Plaintiff was granted leave to amend his complaint on October 9, 2023. DE14. Following service of process issues, Defendants filed a motion to dismiss. DE 57. Plaintiff did not timely respond. On March 20, 2024, I ordered Plaintiff to show cause for his failure to respond to Defendants' Motion to Dismiss and explicitly warned Plaintiff that a failure to respond may result in my recommendation that this action be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). DE 62 (Order to Show Cause requiring Plaintiff to respond or else face possible recommended dismissal of this case). Rather than respond on the merits to Defendant's Motion to Dismiss, Plaintiff instead filed a series of motions focusing on different, more recent events involving alleged harassment and retaliation against him. *See generally* DE 65, DE 66, DE 67, DE 68, DE 73, DE 74, DE 75, DE 79, DE 80.

Despite being granted ample lenience and repeated extensions, the latest deadline for Plaintiff to respond to the pending Motion to Dismiss has passed with no response by Plaintiff. Plaintiff failed to respond despite my warning that doing so "may result in my recommendation that this action be dismissed without further notice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute," and the presiding U.S. District Judge's note that failure to respond could be deemed sufficient cause to grant the Motion to Dismiss by default. DE 62, DE 69, DE 76. Thus, it appears that Plaintiff is not interested in pursuing his claims raised in his Amended Complaint. Given Plaintiff's conduct in this case and his pattern of failing to comply with deadlines and Court Orders, I find that the appropriate course is to dismiss this action without prejudice. *See, e.g., Riddell v. Florida*, 702 F. App'x 869, 871-72 (11th Cir. 2017) (affirming dismissal without prejudice for want of prosecution after plaintiff failed to respond to an order requiring him to show why the case should not be dismissed following his failure to respond to a motion to dismiss). Because Plaintiff is not engaging with his case in good faith and is not timely responding to Court Orders, it appears unlikely that Plaintiff would respond to orders imposing lesser sanctions.[2] Therefore, I find that lesser sanctions than dismissal without prejudice would not be effective.

## RECOMMENDATION

Based on the foregoing, I recommend that Defendants' Motion to Dismiss, DE 57, be **GRANTED** by default and that Plaintiff's Amended Complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute this case and comply with prior Court Orders. I further

---

[2] Plaintiff followed a similar pattern in the separate case of *Holmes v. Campbell et al.*, Case No. 23-14066-Civ-Martinez/Maynard. There, Plaintiff's Amended Complaint was filed on November 27, 2023, and alleged that IRCSO employees used excessive force in violation of Plaintiff's civil rights incident to his arrest on March 13, 2019. *See id.* at DE 38. After the defendants there timely filed a motion to dismiss, Plaintiff never responded and instead filed a series of unrelated, non-meritorious motions. On March 12, 2024, the motion to dismiss was granted by default and the case was dismissed without prejudice based upon Plaintiff's failure to prosecute and comply with Court Orders. *Id.* at DE 70.

recommend that the other currently pending Motions, DE 73, DE 79, DE 80, be **DENIED AS MOOT** and that this case be **CLOSED**.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Jose. E. Martinez. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989). **Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.**

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 21st day of May, 2024.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE